Brennan, J.
This claim arose out of an action in the nature of breach of contract. The facts material to this action are as follows:
Medical Personnel Pool of Springfield, Inc. (hereinafter, the plaintiff) provided private duty nursing services for Marion Small, the husband of Margaret Small (hereinafter, the defendants and third party plaintiffs) from March 30,1990 to May 23,1990. During this period of time defendants were insured by Blue Cross and Blue Shield of Connecticut (third party defendant).
On or about March 11,1991, plaintiff filed a claim against defendant, Small, and third party defendant, Blue Cross and Blue Shield of Connecticut. On April 25, 1991 an answer was filed on behalf of Blue Cross and Blue Shield of Connecticut and on May 6,1991 a default was entered against defendant, Small.
On or about December 3,1992, Blue Cross and Blue Shield of Connecticut filed a motion for summary judgment against plaintiff. On January 26, 1993 plaintiff filed a motion to remove the default against defendant Small. On January 27,1993 the default against Small was removed and Blue Cross and Blue Shield of Connecticut’s motion for summary judgment against plaintiff was allowed. On or about February 19, 1993, defendant/third party plaintiff Small filed an answer to plain *46 tiffs complaint and a third party complaint against Blue Cross and Blue Shield of Connecticut. Finally, on May 7, 1993, Blue Cross and Blue Shield of Connecticut filed a motion to dismiss or for summary judgment on the third party complaint. After hearing, the Court denied Blue Cross and Blue Shield of Connecticut’s motion to dismiss or for summary judgment.
This issue presented is whether the court erred in denying Blue Cross and Blue Shield of Connecticut’s motion to dismiss or for summary judgment.
Blue Cross and Blue Shield of Connecticut asserts that the third party complaint is barred by the “limitation of actions” provision of the insurance policy, which provides that... “no legal proceeding may be brought under this policy after a two year period from the date services are rendered.” In this matter services were last rendered to third party plaintiff on May 23,1990 and the third party complaint was filed on February 19, 1993, nearly three years after the last services were performed. Relying on the contractual provision Blue Cross and Blue Shield of Connecticut asserts that they are entitled to judgment as a matter of law.
Third party plaintiff asserts that the original complaint was filed timely and that, notwithstanding the contractual two year limitations provisions, the filing of the third party complaint relates back to the original filing.
Mass. Rules of Civil Procedures, Rule 14(a) provides that:
At any time after commencement of the action a defending party, as a third party plaintiff, may... cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff’s claim against him.
Therefore, pursuant to Mass. Rules of Civil Procedures, Rule 14 the third party complaint was properly filed.
Mass. Rules of Civil Procedures, 15(c) provides that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.
Massachusetts General Laws Chapter 231, Section 51 provides:
In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form or the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.
Here, third party plaintiff Small’s claim against Blue Cross and Blue Shield of Connecticut arises out of the same cause of action as the original complaint and, as Blue Cross and Blue Shield of Connecticut was an original party defendant it should not be allowed to assert prejudice in defending the action.
The court did not err in ruling that the third party complaint related back to the filing of the original complaint. It follows that third party plaintiff is not barred by the terms of her contract with Blue Cross and Blue Shield of Connecticut. Thus, there is an issue of material fact which must be resolved.
The ruling of the Court is affirmed.